UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STERLING JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   3:25-cv-03130-MMM |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently residing in the community, asserts claims regarding a wide variety of conduct. This order follows.

I.  MOTION TO PROCEED IN FORMA PAUPERIS

The Court will "screen" Plaintiff's complaint to identify and dismiss any legally insufficient claim. *Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 F. App'x 356, 357 (7th Cir. 2008), *quoting Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); 28 U.S.C. § 1915(e)(2)(b). A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants the Illinois Department of Corrections, Western Illinois Correctional Center, John/Jane Doe Private Investors, and Keef Supply Company.

Plaintiff checks all the available boxes on his form complaint, as to the ways Defendants violated his civil rights, including arrest or seizure without probable cause, search without warrant and without probable cause, excessive force, failure to provide medical care, conspiracy, tampering with evidence, and criminal sexual assault, all on December 18, 2024, at 12:35 a.m.

Plaintiff alleges he was charged with disobeying a direct order and refusing to give up his handcuffs, and resulted in a finding of guilty. He does not indicate that guilty finding was at any time prior to filing this lawsuit vacated or invalidated.

Plaintiff then alleges a series of "puzzle pieces" that he believes fit together to indicate a violation of due process. He discusses the existence of security surveillance information, legal situations, DNA of officers, a variety of "hardware numbers" related to computer tablets, issues with Keef Coffee, an apparent supplier to the Illinois Department of Corrections, and a social media ring of criminals.

The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the "essential function of a complaint under the civil rules … is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

First, Plaintiff alleges he was found guilty and disciplined based on certain misconduct. To the extent that misconduct finding has not been vacated Plaintiff cannot pursue any claims based on the discipline he received under that guilty finding, such as the due process claim he mentions, and potentially others as well, depending on the facts underlying that guilty finding. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

Further, Plaintiff's allegations are too vague and devoid of context and detail to place any Defendant on notice of Plaintiff's claims. Plaintiff's allegations do not identify specific actions or inactions by any person acting under color of law that would entitle him to damages in a case brought under 42 U.S.C. § 1983. *See Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016).

Because his allegations do not state a plausible claim for relief, his Complaint is dismissed, his Motion to Proceed in Forma Pauperis (Doc. 3) is denied, and he will be allowed an opportunity to replead if he so desires.

II.     MOTION TO REQUEST COUNSEL

Plaintiff has asked for court assistance in finding an attorney. Doc. 4.

This Court does not have the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of*

*McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("… civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). The Court must determine: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, if the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654–55.

Plaintiff has not made a reasonable attempt to find counsel on his own and has not indicated that he is being prevented from doing so. First, there is no indication that Plaintiff does not have access to writing materials and to the mail. He has been in communication with the Court without apparent issue in this basic regard. Second, parties typically show they have made a reasonable attempt to find counsel by writing to several law firms that practice civil rights law on behalf of prisoners, explaining the specifics of <u>this lawsuit</u>, and asking for representation. Copies of those letters sent along with copies of the responses received may then be filed with any renewed motion to request counsel. Any renewed motion should also explain any specifics as to Plaintiff's ability to litigate this case, including his education, legal experience, and any other issues that bear on his ability to represent himself.

IT IS THEREFORE ORDERED:

1. **Plaintiff's Petition to Proceed in Forma Pauperis [3] is DENIED as his allegations do not state a claim. Plaintiff has 21 days to amend his complaint if he so desires. He must submit a new request to proceed in forma pauperis or pay the filing fee by that same deadline.**

2. **Plaintiff's Motion to Request Counsel [4] is DENIED as stated above.**

Entered this 5th day of February, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
